IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03506-RMR-CYC

CYNDI HENDERSON,

     Plaintiff,

v.

ADAMS COUNTY COMMISSIONERS;
ADAMS COUNTY HEAD START; and
ADAMS COUNTY HUMAN SERVICES,

     Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

This matter is before the Court on the plaintiff's filing that requests appointment of counsel, ECF No. 53 (the "Motion"). Oral argument will not materially assist in the resolution of this matter, and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. However, the Court does not find that appointment of pro bono counsel is appropriate in this case at this time. Accordingly, for the reasons that follow, the Motion is **DENIED without prejudice**.

### BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on November 3, 2025, ECF No. 1, and it was subsequently assigned to this Court following pro se review. ECF No. 7. The plaintiff proceeds pursuant to 28 U.S. C. § 1915.

The plaintiff alleges that she was subjected to unlawful discrimination by her former employer, Adams County Head Start, and certain Adams County government entities, under several federal statutes. ECF No. 1. The defendants filed a motion to dismiss, ECF No. 19, which remains pending, and the plaintiff subsequently filed two pending motions to amend her complaint, ECF Nos. 43, 45. The motions to amend are scheduled for a hearing on August 12, 2026. ECF No. 50.

## ANALYSIS

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d

978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. The plaintiff states that "although [she] has diligently prosecuted this case from the beginning, the litigation has now reached the stage where professional legal advocacy would materially assist both Plaintiff and the Court," pointing to the upcoming hearing, the result of which "will shape the claims that proceed, identify the proper parties, define the scope of discovery, and establish the legal framework for future motion practice." ECF No. 53 at 3, 4. She also contends that "the legal issues extend beyond a traditional employment discrimination action," requiring "professional legal analysis, strategic judgment, and advocacy beyond simply organizing facts or preparing pleadings." *Id.* at 4. The plaintiff's filings and conduct in the case thus far, however, demonstrate her ability to navigate this litigation. *See, e.g., Diaz v. USI Ins. Servs.*, No. 18-cv-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). For instance, to date, she has drafted the operative complaint, moved for continuances, submitted a response to the motion to dismiss, successfully obtained a stay of proceedings, and filed two motions to amending her pleadings. Further, the plaintiff's filings thus far have not demonstrated an inability to articulate her arguments to the Court. To the contrary, this Motion consists of nine well-organized pages of argument addressed to the relevant standard, appropriately cites case law and this District's Local Rules, and attaches evidence of her efforts to obtain counsel. The plaintiff's previous filings and current Motion, then, demonstrate that the plaintiff, so far, can present her case—and it is not clear why the upcoming hearing, where the plaintiff will submit oral argument in support of motions she has already drafted and filed, is any different.

As for complexity, this single-plaintiff employment discrimination action alleging violations of familiar civil rights and anti-discrimination statutes and constitutional due process does not appear so unique or complex as to necessitate the appointment of counsel. Despite the plaintiff's contentions, federal employment discrimination cases frequently "require analysis of action under color of state law, the relationship between [42 U.S.C. §§ 1981 and 1983], identification of the proper defendants, and the application of multiple federal statutes." ECF No. 53 at 4. It is also yet unclear what factual issues and claims will be live in this case after the resolution of the pending motions, and, as a result, what the case's actual factual complexity will be going forward. Further, and by the same token, it is unclear which, if any, of the plaintiff's claims are meritorious. *See, e.g.*, *Sparks v. Univ. of Colo.*, No. 21-cv-02016-RM-NYW, 2021 WL 5071971, at *1 (D. Colo. Sept. 3, 2021); *Tilmon v. Polo Ralph Lauren Factory Store*, Case No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

In sum, the complexity of the case is not yet clear, it is yet unclear how meritorious the plaintiff's claims are, and the plaintiff so far appears able to present her case to the Court. Should the facts the Court has considered materially change, the plaintiff may renew her requestherrequest for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

Although the Court declines to appoint the plaintiff an attorney at this time, there are resources available to people representing themselves in the U.S. District Court for the District of Colorado. The first is the **Federal Pro Se Clinic**, which provides free legal assistance to people representing themselves in the U.S. District Court for the District of Colorado. The plaintiff may

4

contact the Clinic by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic.

The second is the **Federal Limited Appearance Program (FLAP)**. FLAP aims to address the

difficulty pro se parties in civil litigation sometimes face when appearing in court for certain

non-dispositive hearings or conferences—such as scheduling conferences, status conferences,

discovery hearings, and settlement conferences—by providing those litigants with a volunteer

attorney who appears with them in court. Information about FLAP may be found online

at www.cobar.org/For-Members/Young-Lawyers-Division/YLD-Application.

The plaintiff is encouraged to avail herself of these services.

### CONCLUSION

For the foregoing reasons, the Motion, ECF No. 53, is **DENIED without prejudice**.

Entered and dated this 4th day of August 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

5